UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT A. GRIFFIN,

        Petitioner,

    v.                                      08-CV-886-LJV-MJR
                                                DECISION & ORDER

SUPERINTENDENT KIRKPATRICK,

        Respondent.
_____

        On December 5, 2008, the pro se petitioner, Robert A. Griffin, submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. On December 14, 2010, United States District Judge Michael A. Telesca denied the writ and dismissed the petition. Docket Item 29. Griffin then appealed to the United States Court of Appeals for the Second Circuit and requested leave to file a successive petition under 28 U.S.C. § 2244(b), and the Second Circuit dismissed the appeal and denied the request. Docket Items 35, 36.

        More than ten years after Judge Telesca denied his habeas petition in 2010, on May 3, 2021, Griffin moved under Federal Rule of Civil Procedure 60(b)(6) for relief from Judge Telesca's decision and order. Docket Item 40. He also asked this Court to appoint counsel and conduct an evidentiary hearing in connection with his Rule 60(b)(6) motion. Docket Items 45, 46. On May 17, 2021, the respondent, Superintendent Kirkpatrick, responded, Docket Item 42; two weeks later, Griffin replied, Docket Item 43.

        On June 11, 2021, the case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket

Item 44.  On March 25, 2022, Judge Roemer issued a Report, Recommendation, and Order ("RR&O") recommending that Griffin's Rule 60(b)(6) motion be denied because it is time barred and lacks merit.  Docket Item 49.  Judge Roemer also denied Griffin's motions for the appointment of counsel and an evidentiary hearing.  *Id.*

On April 21, 2022, Griffin objected to the RR&O, largely repeating the arguments he made to Judge Roemer in his Rule 60(b)(6) motion and reply, *see* Docket Items 40 and 43.  Docket Item 51.  On May 18, 2022, Kirkpatrick responded to the objection,[1] Docket Item 53; on May 23, 2022, Griffin replied,[2] Docket Item 54.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the RR&O; the objection, response, and replies; and the materials submitted to Judge Roemer.  Based on that *de*

---

[1] This Court ordered Kirkpatrick to respond to Griffin's objection by May 13, 2022.  Docket Item 52.  Griffin argues that Kirkpatrick's response should not be considered because Kirkpatrick filed it five days late.  Docket Item 54.  Federal Rule of Civil Procedure 6(b)(1)(B) provides that a "court may, for good cause, extend the time[ to respond] . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  The Court construes Kirkpatrick's response as including a request to extend the time to file and grants that motion.  The Court therefore considers Kirkpatrick's response.  Moreover, even if the Court did not consider Kirkpatrick's response, it still would accept and adopt the RR&O on its merits.

[2] Griffin supplemented his reply on May 31, 2022.  Docket Item 55.  Although Griffin did not ask for leave of the Court to supplement his submission, the Court construes his submission as including a request to supplement, grants that request, and considers Griffin's additional submission.

*novo* review, the Court accepts and adopts Judge Roemer's recommendation to deny Griffin's motion for the reasons stated in the RR&O.

Griffin objects to Judge Roemer's conclusion that the Rule 60(b)(6) motion is untimely. More specifically, he argues that Judge Roemer erred by failing to consider that Griffin faced additional challenges as an incarcerated *pro se* petitioner and that he only recently became aware of Rule 60(b)(6). *See* Docket Item 51 at 2, 4-6. Both those arguments lack merit.

Although a court must "read [a *pro se* petitioner's] papers liberally" and "interpret them to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), a petitioner's *pro se* status "does not exempt [him] from compliance with [the] relevant rules of procedural and substantive law," *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000); *see also Spurgeon v. Lee*, 2019 WL 569115, at *2 (E.D.N.Y. Feb. 11, 2019). So the fact that Griffin is proceeding *pro se* does not relieve him from complying with the requirement that a Rule 60(b)(6) motion "be made within a reasonable time" after judgment is entered. *See* Fed. R. Civ. P. 60(c)(1). And this Court agrees with Judge Roemer that Griffin's motion was not made within a reasonable time.

Likewise, the fact that Griffin was not aware of Rule 60(b) until another prisoner told him about the rule does not relieve him from Rule 60(c)(1)'s requirements. As Judge Roemer noted, "[e]ven if the Court did find this to be an excusable reason for the delay" in bringing the Rule 60(b) motion, Griffin "still waited another three years" after learning about Rule 60(b) "to file the [] motion." Docket Item 49 at 8 n.5. And as Judge

3

Roemer explained, even three years is not "a reasonable time" to wait before bringing a Rule 60(b) motion. *See id.* at 6 (collecting cases); 8 n.5.

Griffin also objects to Judge Roemer's conclusion that even if the motion were timely, it still would fail on the merits. Docket Item 51 at 7-15. In his objection and replies, Griffin repeatedly asserts that he is actually and factually innocent, and he seems to argue that Judge Roemer overlooked Griffin's actual-innocence claim. *See, e.g., id.* at 9-10; Docket Item 55 at 7-8. But Judge Roemer addressed Griffin's actual-innocence claim and found it to be without merit. *See* Docket Item 49 at 16 n.10 ("Petitioner has not offered any specific, newly discovered facts or evidence, nor has he pointed to any facts or evidence previously known but not put before the courts, which would in any way suggest . . . that petitioner is actually or factually innocent."). This Court agrees with that conclusion.[3]

Griffin offers several other objections to the RR&O, *see* Docket Item 51 at 7-15; 55 at 2-8, but most simply rehash the arguments made before Judge Roemer, *see* Docket Items 40 and 43. When a party "simply reiterates [his] original arguments," a district court need review the RR&O "only for clear error." *Singh v. New York State Dep't of Tax'n & Fin.*, 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011).

And Griffin's objections that do more than rehash the arguments do too much. Rather than raising an error in Judge Roemer's analysis, Griffin's other objections raise

---

[3] Moreover, to the extent Griffin argues that a jury would not have found him guilty if the trial court excluded his confession, Griffin conflates factual innocence with legal innocence. Actual innocence "references 'factual innocence, not mere legal insufficiency.'" *Hyman v. Brown*, 927 F.3d 639, 657 (2d Cir. 2019) (quoting *Bousley v. United States,* 523 U.S. 614, 624 (1998)).

entirely new arguments.  Judge Roemer warned Griffin that the Court "ordinarily refuse[s] to consider *de novo* arguments, case law[,] and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance." Docket Item 49 at 17 (citing *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)).

Nonetheless, this Court has reviewed Griffin's arguments—both those that rehash the arguments made before Judge Roemer and those that are entirely new—*de novo*, finds them to be without merit, and agrees with Judge Roemer that Griffin has not met the high bar for relief from final judgment under Rule 60(b)(6).

## **CONCLUSION**

For the reasons stated above and for the reasons in the RR&O, Griffin's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), Docket Item 40, is DENIED.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

Griffin must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of this order.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: June 21, 2022
Buffalo, New York

      */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE